Per Curiam.
Although the plaintiff insists that a warranty of fitness of the cable for the purpose of eleetrogalvanizing was made on May 15, 1943, neither the defendant’s letter of May 19, 1943, quoting its price and terms nor the plaintiff’s letter of June 15, 1943, accepting such terms and placing an order for 150,000 feet of the cable make any reference to the alleged warranty. After an examination of the record we have concluded that the trial court was justified in setting aside the verdict, of the jury as being contrary to the weight of the credible evidence. However, in view of the court’s denial of defendant’s motion to dismiss, made at the end of the entire case, the trial court in setting aside the jury’s verdict should have ordered a new trial at that time instead of directing the dismissal of the complaint.
The determination of the Appellate Term, so far as appealed from, should be modified by granting a new trial, and as so modified affirmed, with costs in this court and in the Appellate Term to abide the event.
Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ., concur.
Determination of the Appellate Term, so far as appealed from, unanimously modified by granting a new trial and as so modified affirmed, with costs in this court and in the Appellate Term to abide the event. Settle order on notice.